IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSEPH O. JANIKOWSKI, | CV 14–265–M–DLC-JCL |
| Plaintiff, | |
| vs. | FINDINGS & RECOMMENDATION |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Joseph Janikowski commenced this action in November 2014, seeking judicial review of a decision by the Commissioner of Social Security denying his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33, 1381-83f. The Court subsequently granted the parties' stipulated motion to remand for further administrative proceedings and awarded Plaintiff $5,368.97 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). On June 23, 2016, the Commissioner issued a fully favorable decision and awarded Plaintiff $39,400.00 in past-due Title II benefits, of which twenty-five percent

($9,850.00) was withheld for attorney fees. Plaintiff's minor child was also awarded past-due Title II auxiliary benefits, and the Commissioner withheld twenty-five percent ($1,719.00) for attorney fees.

On December 15, 2016, Plaintiff filed the pending motion for attorney fees pursuant to 42 U.S.C. § 406(b). In his opening brief, Plaintiff requests fees in the amount of $11,569.00, representing the total amount withheld from the past-due benefits awarded to Plaintiff and his minor child.

The Commissioner does not oppose awarding some fees under 42 U.S.C. § 406(b), but argues the total amount requested should be reduced by $280.25. The Commissioner explains that the Notices of Award issued to Plaintiff and his son mistakenly overstated the amount of past-due benefits for purposes of calculating attorney fees under 42 U.S.C. § 406(b), and takes the position that the total amount of attorney fees is $11,288.75, subject to certain deductions and offsets.

In his reply brief, Plaintiff amends his request for fees to correspond to the Commissioner's calculations. Plaintiff asks for $9,641.25 in attorney fees from the past-due benefits awarded to him, and $1,647.50 in attorney fees from the auxiliary benefits awarded to his minor son – for a total of $11,288.75.

As both parties point out, the Commissioner erroneously and prematurely issued a check to Plaintiff's counsel in the amount of $1,628.00, representing the

$1,719.00 for attorney fees withheld from the benefits awarded to Plaintiff's minor son, less a $91.00 assessment fee. Plaintiff agrees that the $11,288.75 fee award he requests should be reduced by the $1,628.00 already paid, and submits an amended request for fees in the amount of $9,660.75.

Plaintiff further agrees that the $5,368.97 in EAJA fees previously awarded should be offset against any fee award under 42 U.S.C. § 406(b). With that offset, the $9,660.75 due under 42 U.S.C. § 406(b) should be reduced by $5,368.97, for a total amount due of $4,291.78. Accordingly,

IT IS RECOMMENDED that Plaintiff's motion for attorney fees be GRANTED as set forth above. Plaintiff should be awarded attorney fees under 42 U.S.C. § 406(b) in the amount of $11,288.75, minus the $1,628.00 already paid and the $5,368.97 EAJA offset, for a total amount due of $4,291.78.

DATED this 3rd  day of January, 2017

_____
Jeremiah C. Lynch
United States Magistrate Judge